## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 13-20979-CIV-KING

MARIA SEMANA SANCHEZ, as Personal
Representative of the ESTATE OF
ALEJANDRO NODARSE ARENCIBIA,
and for the benefit of deceased's survivors,
his wife, MARIA SEMANA SANCHEZ
individually,

      Plaintiffs,

v.

BRINK'S INCORPORATED, a Foreign Corporation,
BANK OF AMERICA CORPORATION, N.A.,
BILNIA INCORPORATED, a Foreign Corporation,
GIL LEASEHOLDS LIMITED CO., a Foreign
Corporation, JOHN DOE, an individual, and
THE CITY OF OPA-LOCKA, FLORIDA, a political
subdivision of the State of Florida,

      Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS COUNTS VII AND VIII

**THIS MATTER** comes before the Court upon Defendant City of Opa-Locka's

Motion to Dismiss (DE #5), filed April 4, 2013, which seeks dismissal of Counts VII and

VIII. Plaintiff did not file a Response in opposition to the Motion. For the reasons

discussed below, the Court finds that the Motion should be granted.

### I. BACKGROUND

Plaintiff Maria Semana Sanchez ("Sanchez") is the widow of Alejandro Nodarse

Arencibia ("Arencibia"), who was killed during an attempted bank robbery while

working for Defendant Brink's Incorporated. (Am. Compl, DE #1-4). Plaintiff Sanchez

originally filed her eight-count Amended Complaint in the 11th Judicial Circuit Court in

and for Miami-Dade County. Therein, she alleges, *inter alia*, that Defendant City of Opa-

Locka is liable for negligent retention and violations of 42 U.S.C. § 1983 in the

employment of a police officer who stole from the city a bulletproof vest that was worn

by the man who killed Arencibia. On March 19, 2013, Defendants filed their Notice of

Removal (DE #1) to this Court on the basis of diversity jurisdiction. The instant Motion

to Dismiss followed.

## II. LEGAL STANDARD

Federal Rule 8 requires that a complaint include a "short and plain statement"

demonstrating that the claimant is entitled to relief.  Fed R. Civ. P. 8.  To survive a Rule

12(b)(6) motion, the complaint must include "enough facts to state a claim to relief that is

plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When evaluating a complaint on a motion to

dismiss, the Court must take all well-pled factual allegations as true. *Erickson v. Pardus*,

551 U.S. 89, 94 (2007). So long as the complaint properly alleges facts that make its

claims plausible, the Court must view the complaint's allegations in the light most

favorable to the plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th

Cir. 2010). As a corollary, allegations absent supporting facts are not entitled to this

presumption of veracity. *Iqbal*, 556 U.S. at 681. If the Court identifies such conclusory

allegations, it must then consider whether the remaining allegations "plausibly suggest an entitlement to relief." *Id.*

### III. DISCUSSION

Count VII of the Amended Complaint alleges that Defendant City of Opa-Locka is liable for negligently retaining a police officer who stole a bulletproof vest from the city and sold it to unidentified criminals, ultimately being worn by the man who killed Arencibia. (Am. Compl., ¶¶ 67–78). To state a prima facie claim for negligent retention, Plaintiff must allege facts that, if true, would establish two things. First, the facts must show the existence of "some relationship or nexus between the plaintiff and the tortfeasor's employment from which a legal duty would flow from the defendant-employer to that particular plaintiff." *Magill v. Bartlett Towing, Inc.*, 35 So. 3d 1017, 1021 (Fla. Dist. Ct. App. 2010); *see also Watson v. City of Hialeah*, 552 So. 2d 1146, 1149 (Fla. Dist. Ct. App. 1989) ("[P]laintiff's injuries here must be shown to have been brought about *by reason of the employment of the incompetent servant*."). Second, Plaintiff "must allege facts showing that the employer was put on notice of the harmful propensities of the employee." *Willis v. Dade Cnty. Sch. Bd.*, 411 So. 2d 245, 246 n.1 (Fla. Dist. Ct. Appl. 1982).

Count VII is deficient in both regards. First, Plaintiff has not pled facts alleging a sufficient nexus between Defendant City of Opa-Locka police officer and Arencibia. The only allegation is that bank robber who shot Arencibia wore a vest stolen by the police officer. This is too attenuated from Defendant City of Opa-Locka's employment of the police officer. Second, the Amended Complaint alleges no facts suggesting that

Defendant City of Opa-Locka was on notice of the police officer's criminal activity. Even if it did, Plaintiff would need to allege facts suggesting a violent propensity. *See Garcia v. Duffy*, 492 So. 2d 435, 441 (Fla. Dist. Ct. App. 1986) ("For example, an employer who learns of an employee's conviction for petit theft cannot be deemed liable, on the basis of negligent retention upon constructive or actual notice of that crime, for the employee's subsequent rape of a customer."). Accordingly, Count VII is dismissed without prejudice as factually insufficient.

The Amended Complaint also alleges in Count VIII that Defendant City of Opa-Locka violated 42 U.S.C. § 1983 because it "has a history of being run in an unscrupulous manner that invited mayhem and disorder often turning a blind eye to improper and illegal activities committed by its officers." (Am. Compl., ¶ 82). Plaintiff further alleges that management policies "fomented" the officer's involvement in criminal enterprise involved in the attempted bank robbery that "included, amongst other things, the sale of the bullet proof vests to it." (*Id.* at ¶ 83). However, the facts that Plaintiff alleges fall well short of those required to state a claim against Defendant City of Opa-Locka under 42 U.S.C. § 1983. *See Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005) ("[U]nder § 1983, the plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom."). There are "two methods by which to establish a county's policy: identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." 335 F.3d 1326, 1329 (11th Cir. 2003). The facts alleged in Plaintiff's Amended Complaint are simply too

skeletal to sustain a Section 1983 claim under Federal Rule 8. Accordingly, Count VIII also is dismissed without prejudice as factually insufficient.

## IV. CONCLUSION

Accordingly, after careful consideration, it is **ORDERED**, **ADJUDGED**, and **DECREED** that Defendant City of Opa-Locka's Motions to Dismiss (**DE #5**) be, and is hereby, **GRANTED**. Counts VII and VIII are **DISMISSED without prejudice**. Plaintiff Sanchez, is she wishes to re-plead the dismissed counts, **SHALL** file a Second Amended Complaint within **thirty (30) days** of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 24th day of April, 2013.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA


**Cc: All Counsel of Record**